; UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**L.C., individually and as the parent and
guardian of E.C., a minor child**

       **Plaintiff,**

v.             Civil Action No.  3:25-cv-00587

**CABELL COUNTY BOARD OF EDUCATION,
EMILY BARKER, RYAN McKENZIE,
and JOHN AND JANE DOES 1-2,**

       **Defendants.**

## COMPLAINT

COME NOW Plaintiffs, by and through undersigned counsel, and for their Complaint against Defendants Cabell County Board of Education, Emily Barker, and John and Jane Does 1-2, state as follows:

### PARTIES

1. Plaintiff L.C. is the mother of minor child E.C. and is a citizen and resident of Cabell County, West Virginia.

2. E.C. is a disabled minor child who resides in Cabell County, West Virginia.

3. Defendant Cabell County Board of Education ["CCBOE"] is a government agency that governs the public schools in Cabell County, West Virginia.

4. Defendant CCBOE controls and maintains Explorer Academy.

5. At all times relevant herein, Defendant Emily Barker was a teacher and employee and/or agent of Defendant CCBOE.

6. Upon information and belief, Defendant Barker is a resident of Cabell County, West Virginia.

7. At all times relevant hereto, Defendant Ryan McKenize was a principal and employee and/or agent of Defendant CCBOE.

8. Upon information and belief, Defendant McKenzie is a resident of Putnam County, West Virginia.

9. Upon information and belief, John and Jane Does 1-2 are teachers, administrators, and agents and/or employees of Defendant CCBOE.

10. Defendant CCBOE is not immune from suit up to the limits of its liability coverage.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1131.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims because they are so related to her federal claims that they form part of the same case or controversy under Article II of the United States Constitution.

13. Venue is appropriate in this Court because Defendant CCBOE is a resident of this district. *See* 28 U.S.C. § 1391(b)(1).

## FACTS

14. E.C. is a six-year-old child with autism spectrum disorder.

15. E.C. enrolled at Explorer Academy for the 2023-2024 school year.

16. Explorer Academy has a special needs classroom which is classified as a "self-contained classroom."

17. Despite operating a self-contained classroom, Defendant CCBOE did not adequately properly hire, retain, or supervise its employes working with special needs children.

18. Defendant Barker initially told L.C. to get an advocate for E.C. because her IEP was not being followed by Defendant CCBOE.

19. L.C. did obtain an advocate for E.C. upon Defendant Barker's recommendation.

20. On October 4, 2023, Emily Barker physically attacked E.C. by forcing her into a seat in a rough manner, causing E.C. to exclaim "Ow, my finger."

21. Defendant Barker then pulled E.C. from a tent in the classroom by her leg.

22. Defendant McKenize claims that he had a nurse check E.C. and instructed the reporting employee to make a CPS report.

23. On the date of the attack, L.C. messaged Defendant Baker to ask about E.C.'s day at school and was not advised about the incident or a trip to the nurse.

24. Forty-eight hours later, on October 6, 2023, L.C. was first notified of the attack on her child by the CCBOE.

25. L.C. immediately requested to view the video of the self-contained classroom pursuant to W.Va. Code § 18-20-11.

26. L.C. was initially only permitted to view 25 minutes of classroom video.

27. L.C. was later permitted to view 2 hours of video from the day in issue upon requesting to view the full day.

28. L.C. has never been provided or permitted to view the video from the entire day in issue or any other day.

29. The video that L.C. did view contained a number of off-camera incidents despite the classroom being subject to video surveillance requirements.

30. Despite being told by CCBOE that two separate reports were made to Child Protective Services, L.C. was later informed that no such report was made.

31. E.C. and L.C. have both suffered severe emotional distress as a result of the attack the CCBOE's conduct in permitting and concealing the attack.

32. E.C. was previously attending in-person classes at Explorer Academy two days a week.

33. After the attack, L.C. was unable to send E.C. back to Explorer Academy for fear that her child would not be treated with the respect and integrity she deserved or that she would otherwise be subject to additional physical attacks or other unlawful actions.

34. Upon information and belief, E.C. was the subject of maltreatment on additional days for which no video was preserved or maintained.

35. Within the last 36 months at least four federal lawsuits have been filed alleging both individual instances of neglect by teachers and teaching aides in special needs classrooms within the school district.

36. CCBOE has a policy or practice of failing to keep children with disabilities safe by failing to adequately screen, hire, train, or supervise their employees who work with children like E.C. with disabilities.

37. Upon information and belief, after receiving notice that E.C. was attacked during school hours, the CCBOE continued in a pattern and practice of concealing the extent and nature of the maltreatment.

## COUNT I - NEGLIGENCE

38. Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth herein verbatim.

39. Defendant CCBOE and its employees, agents, and/or representatives, including Defendant Barker, hold an *in loco parentis* relationship with E.C.

40. By serving *in loco parentis*, Defendant CCBOE and its employees, agents, and/or representatives hold heightened responsibilities to its students – including students with special needs like E.C. – including a heightened fiduciary duty.

41. One of the duties owed to E.C. – and all other students within the school district – by all Defendants is the duty to protect those entrusted to their care.

42. Defendnats voluntarily accepted the entrusted care of E.C. As such, Defendants owed E.C. a special, fiduciary duty of care, in addition to a duty or ordinary care, to ensure the safety of E.C. and to protect her from harm.

43. Defendants each breached their duties of care by, failing to place E.C. in a safe classroom.

*44.* Further, Defendnats are liable for negligence under the doctrine of *prima facie* negligence.

45. "Violation of a statute is *prima facie* evidence of negligence. Syl. Pt. 1, *Anderson v. Moulder*, 394 S.E.2d 61 (W.Va. 1990). This prima facie evidence establishes duty and breach.

46. CCBOE and Individual Defendants were negligent per se due to their violation of W.Va. Code § 49-2-803(a) which requires school personnel to report abuse and neglect.

47. Defendant CCBOE was negligent per sue due to its violation of West Virginia Code § 18-5-15c which requires county boards of education to train their employees in the prevention of child abuse and neglect.

48. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered damages, including physical and emotional harm.

49. Defendant CCBOE is liable for injury to E.C. caused by their negligent operation of Explorer Academy through their employees and agents, as they were acting within the course and scope of their employment.

50. Defendant CCBOE is liable for injuries to E.C. caused by the negligent actions or inactions of its employee and agents while acting in the course and scope of their employment.

51. As a direct and proximate result of the actions and inactions of Defendnats, E.C. suffered harm for which CCBOE is vicariously liable.

52. Defendants' negligence has caused injury to Plaintiffs including actual and threated bodily harm to E.C., along with great mental and emotional distress, embarrassment, and loss of enjoyment of life.

53. Defendant CCBOE is not immune for injury, death, ore loss to persons or property caused by the negligent performance of acts by its employees while acting within the scope of employment. *See* W.Va. Code § 29-12A-4(c)(2).

54. Defendant CCBOE does not have immunity for injury, death, or loss to persons or property that is caused by the negligence of its employees that occurs within or on the grounds of buildings that are used by CCBOE. *See* W.Va. Code § 29-12A-4(c)(4).

55. Defendant CCBOE does not have immunity from negligence per se claim arising from the violation of established laws or regulations. *See C.C. v. Harrison Co. Bd. of Educ.*, 859 S.E.2d 762, 770-772 (W.Va. 2021).

**COUNT II – NEGLIGENT HIRING, SUPERVISION, RETENTION**

56. Plaintiff incorporate herein by reference all preceding paragraphs of their Complaint as if set forth fully herein verbatim.

57. Defendant CCBOE had a duty to properly train its employees on how child abuse and neglect could be prevented. *See* W.Va. Code § 18-5-15c.

58. Defendant CCBOE had sufficient funding and ability to establish and provide such training.

59. Defendant CCBOE owed Plaintiffs a duty not to hire or retain employees who are unqualified or untrained to care for children with special needs.

60. Defendant CCBOE breached its duty to sufficiently screen, hire, train, and supervise its employees and agents in this regard, particularly relating to ability to care for and properly caring for special needs students.

61. Defendant CCBOE's duty included a duty to monitor special needs classrooms and to take other reasonable measures to ensure special needs students were safe while attending Explorer Academy.

62. Defendant CCBOE failed to screen, train, and/or supervise Defendnats McKenzie and Barker.

63. CCBOE failed to take reasonable and appropriate action for E.C.'s safety.

64. Defendant CCBOE knew or should have known Individual Defendnats were acting negligently toward E.C. because CCBOE had a duty to supervise its employees and agents.

65. Additionally, Defendant CCBOE had a statutory duty to review the footage of the self-contained classrooms E.C. was attending.

66. As a direct and proximate result of Defendant CCBOE's negligence as outline herein, Individual Defendnats were permitted to commit and did commit negligent acts toward E.C. and cause Plaintiffs damages, including actual and threatened bodily harm to E.C., along with great mental and emotional distress, and loss of enjoyment of life.

67. Defendant CCBOE is not immune for injury, death, ore loss to persons or property caused by the negligent performance of acts by its employees while acting within the scope of employment. *See* W.Va. Code § 29-12A-4(c)(2).

68. Defendant CCBOE does not have immunity for injury, death, or loss to persons or property that is caused by the negligence of its employees that occurs within or on the grounds of buildings that are used by CCBOE. *See* W.Va. Code § 29-12A-4(c)(4).

**COUNT III – VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT**

69. Plaintiffs incorporate herein by reference all preceding paragraphs of their Complaint as if set forth fully herein verbatim.

70. The West Virginia Human Rights Act, W.Va. Code § 16B-17-1, *et seq*. prohibits discrimination on the basis of an individual's disability.

71. Specifically, under the WVHRA, it is unlawful for "any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation to …[r]effuse, withhold or deny to any individual because of his or her…disability, either directly or indirectly, any of the accommodations, advantages, facilities, privileges, or services of the place of public accommodations." W.Va. Code § 16B-17-9(6)(A).

72. Public schools are a "place of public accommodation."

73. E.C. is a person with a disability under the WVHRA. W.Va. Code § 16B-17-3(m).

74. Defendants in this case failed to properly accommodate E.C.'s disability by providing the services that she required to adequately pursue a public education as outlined herein.

75. But for her disability, E.C. would not have been denied the advantages and privileges of CCBOE's place of public accommodation.

76. As a result of this discrimination, Plaintiffs suffered damages.

77. Defendant CCBOE tolerated, permitted, and/or ratified the unlawful and discriminatory actions of the Individual Defendants.

78. Defendants' actions violated the WVHRA, entitling Plaintiffs to compensatory damages and attorney fees and costs.

79. Defendants' acts and omissions in violation of the WVHRA directly and proximately caused E.C. damages including, but not limited to, emotional distress, mental anguish, loss of enjoyment of life, anxiety, humiliation, and embarrassment.

80. Defendants' breach directly and proximately resulted in E.C. leaving public school depriving her of the ability to enjoy a public education.

81. Defendants are not immune from suit under the WVHRA. See *Doe v. Cabell Cnty. Bd. of Educ.*, No. CR 3:21-0031, 2022 WL 568342, at *5 (S.D.W.Va. Feb 24, 2022).

## COUNT IV – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

82. Plaintiffs incorporate herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

83. Title II of the Americas with Disabilities Act prohibits public entities, including public schools, from discriminating against students on the basis of their disabilities.

84. To state a claim under the ADA a plaintiff "must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005).

85. Defendant CCBOE is a public entity under the ADA. *See* 42 U.S.C. § 12131(1).

86. E.C. is a "qualified individual with a disability" under the ADA. *See* 42 U.S.C. § 12131(2).

87. E.C.'s disability substantially limits several major life activities.

88. As a minor child living in Cabell County, E.C. is otherwise qualified to receive the benefits of CCBOE's services, programs, and activities.

89. E.C. was discriminated against because of her disability.

90. Defendants knew, because of her disability, E.C. was not likely to effectively communicate with her parents about the neglect and mistreatment she suffered.

91. But for her disability, E.C. would not have been subjected to neglect and mistreatment.

92. As a result of Defendants' actions, E.C. was denied advantages and privileges of CCBOE's place of public accommodation.

93. As a result of this discrimination, Plaintiffs suffered damages.

## COUNT V – CIVIL BATTERY

94. Plaintiffs incorporate herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

95. Defendant Barker touched E.C. in a harmful or offensive manner without her consent or the consent of her parent.

96. Plaintiffs suffered damages in a direct and proximate result of said civil battery.

97. Defendant Barker acted with malicious purpose, in bad faith, and in a wanton and reckless manner.

## COUNT VI – CIVIL ASSAULT

98. Plaintiffs incorporate herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

99. Defendant Barker attempted to attempt or threatened to inflict injury on E.C.

100. Defendant Barker had the apparent ability to cause harm to E.C.

101. Defendant Barkers conduct caused and created reasonable apprehension of bodily harm or offensive contact in E.C.

102. Plaintiffs suffered damages in a direct and proximate result of said civil battery.

103. Defendant Barker acted with malicious purpose, in bad faith, and in a wanton and reckless manner.

## COUNT VII - TORT OF OUTRAGE

104. Plaintiffs incorporate herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

105. Defendants' actions, as alleged herein, were of such an atrocious, extreme, and outrageous nature as to exceed the bounds of decency and shock the conscience.

106. Defendants acted with the intent to inflict emotional distress or otherwise acted recklessly when it was substantially certain emotional distress would result from their conduct.

107. As a direct and proximate result, Plaintiffs have suffered emotional distress and mental anguish.

108. The emotional distress suffered by Plaintiffs is so severe that no reasonable person would be expected to endure it.

## COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

109. Plaintiffs incorporate herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim

110. Defendants engaged in negligent conduct as outline herein.

111. Plaintiff L.C. suffered serious emotional distress and mental anguish as a direct and proximate result of Defendants' conduct.

### COUNT IX- LOSS OF FILIAL CONSORTIUM

112. Plaintiffs incorporate herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

113. L.C. has suffered the loss of filial consortium, services, and society of her daughter as a direct and proximate result of the acts and omissions of Defendants as set forth herein.

114. Defendants' acts and omissions have caused all Plaintiffs to suffer extreme emotional distress resulting in a devastating disruption of their family life.

115. Defendants' acts and omissions caused E.C. to leave public school resulting in the necessity of providing equivalent or other services.

### COUNT X – VIOLATION OF 42 U.S.C. § 1983

116. Plaintiffs incorporate herein by reference all preceding paragraphs of their Complaint as if set forth fully herein verbatim.

117. The actions of Defendant CCBOE violated E.C.'s constitutional rights, as guaranteed under the Fourteenth Amendment to the United States Constitution.

118. Defendant CCBOE follows and at all times relevant hereto maintained a custom, policy, and/or practice that caused injury to Plaintiffs. *See Monell. v. Dept's of Soc. Servs.*, 436 U.S. 658, 690 (1976).

119. The failure of Defendant CCBOE's administrators to adequately hire, retrain, train, and/or supervise teachers, employees, and aides caring for special needs students represents a custom of deliberate indifference.

120. There have been multiple instances in recent years whereby CCBOE's personnel have behaved inappropriately and whereby CCBOE has allowed its employees to put students with special needs at risk.

121. It is not just E.C. that is being mistreated by CCBOE – other special needs students attending Cabell County Schools are being mistreated because of their disabilities.

122. Other lawsuits have been filed alleging that Defendant has failed to keep its special needs students safe, and that those working with special needs children lacked the requisite training.

123. Defendant CCBOE's personnel witnessed and were alerted to the mistreatment of E.C. and allowed it to continue.

124. Defendant CCBOE regularly hired and retained individuals to serve as teachers and teaching aides to children with special needs who lacked requisite training or certification.

125. As a direct result of Defendant CCBOE's misconduct and clearly-established constitutional violations, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs demand against all Defendnats such damages as will fairly compensate them for all claims and injuries outline herein including, but not limited to economic and noneconomic damages, pre and post judgment interest as provided by law, court costs and attorney fees and all other damages that this Court deems just or as awarded by the trier of fact. Plaintiff further demands punitive damages as permitted by law.

PLAINTIFF DEMANDS A TRIAL BY JURY.

**PLAINTIFFS,**

By Counsel

/s/ Amanda J. Taylor
Amanda J. Taylor (WV Bar #11635)
Aryn J. Kelly (WV Bar # 13895)
115 ½ S. Kanawha Street
Beckley, West Virginia 25801
304.894.8733 (P)
681.245.6236 (F)
amanda@thtwv.com
aryn@thtwv.com