**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

L. C., individually and as the parent and guardian of
E. C., a minor child,

                 Plaintiff,

v.                                       CIVIL ACTION NO. 3:25-0587

CABELL COUNTY BOARD OF EDUCATION,
EMILY BARKER, and
JOHN AND JANE DOES 1-2,

                 Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Show Cause and for Leave for Additional Time to Serve Process filed by Plaintiff L.C., individually and as the parent and guardian of E.C., a minor child. ECF No. 8 ("*Pl.'s Mot.*"). For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

This action arises out of Plaintiff's American Disability Act claim and associated counts for alleged conduct against a minor that occurred at a Cabell County Board of Education (CCBOE) school that employed Defendant Emily Barker. *Compl.* 1, ECF No. 1. Since filing the complaint on October 3, 2025, Plaintiff claims she has been unable to locate an address for Defendant Emily Barker after diligent search. *Pl.'s Mot.* ¶ 10.

Plaintiff requests additional time to serve Defendant Emily Barker. *Id.* at 1. Plaintiff also requests that the Court find "service has otherwise been sufficiently perfected on Defendant CCBOE upon a proper agent for service of process or, in the alternative, seeks additional time for service via alternative means." *Id.* at 1.

The Court ordered Plaintiff to supplement her motion with a specified request of time necessary to serve defendants and additional information on her purported service of process on CCBOE. *See Order* 2, ECF No. 9.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant is served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). If service does not occur within that timeframe, the Court, on motion or on its own, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Fourth Circuit has made clear that although good cause necessitates an extension of the service period, "a district court possess discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause." *Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022).

The Court finds Plaintiff has shown good cause for failure to serve Defendant Barker, after a diligent search, and that an extension of an additional sixty days from Plaintiff's response, as requested by Plaintiff, is reasonable. *Pl.'s Resp. to the Court's Order* 1, ECF No. 10.

The Court, in its discretion, also extends the time for service of process pursuant to Rule 4(m) on CCBOE, given that the Court takes no position on whether Plaintiff has perfected service upon CCBOE.

Accordingly, the Court **GRANTS** Plaintiff's motion. Plaintiff's time to serve the relevant defendants with process is **EXTENDED** by 55 days from the issuance of this order.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        January 13, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE