**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**L.C., individually and as the parent and guardian of E.C., a minor child,**

**Plaintiff,**

**v.** **Case No. 3:25-cv-00587**

**CABELL COUNTY BOARD OF EDUCATION, EMILY BARKER, and JOHN AND JANE DOES 1-2,**

**Defendants.**

# ORDER

Pending before the Court are Plaintiffs' Motion to Compel, (ECF No. 50), Defendant Cabell County Board of Education's ("CCBOE") Motion to Compel, (ECF No. 51), and Defendant Emily Barker's Motion to Compel, (ECF No. 52). The Court directed the parties to continue their efforts to resolve the discovery disputes without Court intervention. On August 3, 2026, the parties filed a Joint Status Report, (ECF No. 54), advising that they had resolved the issues raised in Plaintiffs' Motion to Compel and Defendant Barker's Motion to Compel. The parties further advised that they had resolved all issues raised in CCBOE's Motion to Compel except the sufficiency of Plaintiffs' responses to Requests for Admission Nos. 9, 10, and 13 through 18. *Id.* Plaintiffs filed a response addressing the remaining dispute concerning their responses to CCBOE's Requests for Admission, (ECF No. 55), on August 3, 2026, and CCBOE filed its reply, (ECF No. 56), on August 10, 2026.

For the reasons explained below, Plaintiffs' Motion to Compel, (ECF No. 50), and Defendant Barker's Motion to Compel, (ECF No. 52), are **DENIED AS MOOT**. CCBOE's Motion to Compel, (ECF No. 51), is **GRANTED IN PART** as to Requests for Admission Nos. 13 through 18, **DENIED** as to Requests for Admission Nos. 9 and 10, and **DENIED AS MOOT** as to the remaining discovery disputes resolved by the parties. Plaintiffs are **ORDERED** to serve amended responses to Requests for Admission Nos. 13 through 18 within **ten (10) days** of entry of this Order. The amended responses shall directly admit or deny the matters presented or, when good faith requires qualification, identify the portion admitted and qualify or deny the remainder in accordance with Rule 36(a)(4).

## I. Legal Standard

Federal Rule of Civil Procedure 36 permits a party to serve requests for admission concerning matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either" and the genuineness of documents. Fed. R. Civ. P. 36(a)(1). The purpose of requests for admission is twofold: "first, they are sought 'to facilitate proof with respect to issues that cannot be eliminated from the case'; and second, they serve 'to narrow the issues by eliminating those that can be.'" *Watkins v. Lincare, Inc.*, No. 3:22-cv-00109, 2023 WL 5490181, at *1 (S.D.W. Va. Aug. 24, 2023) (quoting Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment).

When responding to a request for admission, a party must admit or specifically deny the matter or state in detail why the party cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4); *Watkins*, 2023 WL 5490181, at *1. "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). An answer to a request for admission must not be

evasive. *Watkins*, 2023 WL 5490181, at *1 (citing *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 368 (D. Md. 2012)). If a party asserts lack of knowledge or information as a reason for failing to admit or deny a request, the party must state that it made a reasonable inquiry and that the information known or readily obtainable is insufficient to permit an admission or denial. Fed. R. Civ. P. 36(a)(4).

A party may also object to a request for admission, but the grounds for the objection must be stated, and the party may not object solely on the ground that the request presents a genuine issue for trial. Fed. R. Civ. P. 36(a)(5). Thus, Rule 36 permits a party to respond by admitting the matter, denying it, explaining in detail why the matter can be neither admitted nor denied, providing a good-faith qualified response, or asserting an objection on a clearly stated ground. *Watkins*, 2023 WL 5490181, at *1; *Michael v. WesBanco Bank, Inc.*, No. 5:04CV46, 2006 WL 1705935, at *2 (N.D.W. Va. June 16, 2006).

The requesting party may move the Court to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). The inquiry focuses on the specificity of the response, not whether the response is factually correct. *Watkins*, 2023 WL 5490181, at *2. If the Court finds an objection unjustified, it must order that an answer be served. Fed. R. Civ. P. 36(a)(6). If an answer does not comply with Rule 36, the Court may deem the matter admitted or order that an amended answer be served. *Id.*

## II. Discussion

Plaintiffs first contend that CCBOE's motion is procedurally improper because CCBOE sought relief under Rule 37 of the Federal Rules of Civil Procedure rather than Rule 36(a)(6). (ECF No. 55 at 1–2). Plaintiffs argue that Rule 37(a) governs motions to compel answers to interrogatories and production of documents, whereas Rule 36(a)(6)

specifically provides the procedure for challenging the sufficiency of answers or objections to requests for admission. *Id*. CCBOE responds that its motion cited Rules 33, 34, 36, and 37 and asks the Court to address the substance of the dispute rather than deny the motion based upon the procedural distinction. (ECF No. 56 at 1–2). CCBOE expressly invokes Rule 36(a)(6) in its reply and requests that the Court determine the sufficiency of Plaintiffs' responses under that provision. *Id*.

The Court finds that Plaintiffs' procedural argument does not warrant denial of the motion. Although styled as a motion to compel, the remaining portion of CCBOE's motion challenges the sufficiency of Plaintiffs' responses to identified requests for admission and seeks amended responses. (ECF No. 51 at 4–7). Rule 36(a)(6) expressly provides the mechanism for determining the sufficiency of such responses. *See* Fed. R. Civ. P. 36(a)(6). Indeed, the court in *Watkins* similarly treated a motion styled as a motion to compel as a motion to determine the sufficiency of answers or objections under Rule 36(a)(6) where the responding party had answered the challenged requests for admission. *Watkins*, 2023 WL 5490181, at *2. The Court therefore considers the remaining dispute under Rule 36(a)(6).

CCBOE challenges Plaintiffs' responses to Requests for Admission Nos. 9, 10, and 13 through 18. (ECF No. 51 at 4–7). These requests seek admissions concerning E.C.'s behaviors before the October 2023 incident, including whether E.C. hit or bit school personnel, exhibited certain behaviors in the classroom, and engaged in similar conduct at therapy or at home. (ECF No. 55-1 at 4–8). Plaintiffs objected to each request on relevance and proportionality grounds, asserting that E.C. was a minor child incapable of contributory negligence and that Defendants were responsible for educating children with

special needs. *Id.* Subject to those objections, Plaintiffs provided qualified responses to the requests. *Id.*

In their response to CCBOE's motion, Plaintiffs maintain that the challenged requests are neither relevant nor proportional because they concern behaviors associated with E.C.'s autism diagnosis, E.C. cannot be contributorily negligent, and Defendants were responsible for providing educational services to children with special needs. (ECF No. 55 at 2–3). Plaintiffs further contend that their responses comply with Rule 36 because the Rule permits a party to qualify an admission when good faith requires qualification. *Id.* CCBOE replies that the requests are relevant because Plaintiffs claim that the October 2023 incident caused new psychological, emotional, and behavioral injuries to E.C., making her pre-incident condition relevant to causation and damages. (ECF No. 56 at 5).

The Court finds Plaintiffs' relevance and proportionality objections unpersuasive. Rule 26(b)(1) permits discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Plaintiffs allege that Defendants' conduct caused physical and emotional harm, emotional distress, and mental anguish. (ECF No. 1 at 5, 11). CCBOE argues that evidence of E.C.'s behaviors before the incident is relevant to establishing her pre-incident baseline and evaluating the nature and extent of the damages allegedly caused by Defendants' conduct. (ECF No. 56 at 5). The Court agrees. Whether E.C. may be held contributorily negligent does not determine whether her condition before the incident is relevant to causation and damages. Accordingly, Plaintiffs' objections to Requests for Admission Nos. 9, 10, and 13 through 18 on relevance and proportionality grounds are **OVERRULED**.

The Court next considers the sufficiency of Plaintiffs' answers. Requests for Admission Nos. 9 and 10 ask Plaintiffs to admit that E.C. hit and bit Ms. Lacey before the October 2023 incident. (ECF No. 55-1 at 4). Subject to their objections, Plaintiffs admit that E.C. hit Ms. Lacey and admit that E.C. bit Ms. Lacey when Ms. Lacey grabbed her. *Id.* Although Plaintiffs provide additional context, their answers expressly admit the conduct identified in the requests. Rule 36(a)(4) permits qualification of an answer when good faith requires it. *See* Fed. R. Civ. P. 36(a)(4). Moreover, courts considering the sufficiency of a Rule 36 response may permit an explanation that appropriately contextualizes the response. *Watkins*, 2023 WL 5490181, at *3. The Court therefore does not find Plaintiffs' responses to Requests for Admission Nos. 9 and 10 insufficient merely because they provide additional factual context. Accordingly, CCBOE's Motion to Compel, (ECF No. 51), is **DENIED** to the extent that it seeks amended responses to Requests for Admission Nos. 9 and 10.

The responses to Requests for Admission Nos. 13 through 18 are different. Request for Admission No. 13 asks Plaintiffs to admit that E.C. would throw fits, scream, and yell in class before the October 2023 incident. (ECF No. 55-1 at 5–6). Rather than admit or deny that the identified conduct occurred, Plaintiffs respond that E.C. has Level II Autism Spectrum Disorder and that the asserted behaviors are consistent with that diagnosis. *Id.* Requests for Admission Nos. 14 and 15 ask whether E.C. removed her clothing and threw things during classroom meltdowns before the incident. (ECF No. 55-1 at 6–7). Plaintiffs respond that the behaviors were noted in E.C.'s IEP and were consistent with her diagnosis and resultant behaviors. *Id.*

Similarly, Request for Admission No. 16 asks Plaintiffs to admit that L.C. was aware that E.C. had been hitting teachers and classmates and biting school personnel

before the incident. (ECF No. 55-1 at 7). Requests for Admission Nos. 17 and 18 ask whether E.C. had been hitting people at therapy and at home before the incident. (ECF No. 55-1 at 7–8). Plaintiffs again respond that the behaviors were noted in E.C.'s IEP and were consistent with her diagnosis and resultant behaviors. *Id.* Plaintiffs additionally state that L.C. ensured that E.C. received an IEP and outside therapy to address the behaviors identified in the requests. *Id.*

These answers do not satisfy Rule 36(a)(4). The requests ask Plaintiffs to admit or deny specific historical facts. Plaintiffs' statements that the identified behaviors were consistent with E.C.'s diagnosis or noted in her IEP do not clearly admit or deny whether the particular conduct identified in each request occurred. (ECF No. 55-1 at 5–8). Nor do the responses identify the portion of each request that Plaintiffs admit and then qualify or deny the remainder. *Id.* Although Rule 36 permits a qualified answer when good faith requires one, the qualification must fairly respond to the substance of the matter presented. Fed. R. Civ. P. 36(a)(4). As the court explained in *Watkins*, extraneous information that does not respond to the substance of the request does not constitute a proper qualification, and an amended response may be required to clarify the responding party's position. *Watkins*, 2023 WL 5490181, at *7-8. Accordingly, the Court finds Plaintiffs' responses to Requests for Admission Nos. 13 through 18 insufficient.

CCBOE asks the Court to deem the requests admitted or, alternatively, order Plaintiffs to provide amended responses. (ECF No. 56 at 3, 8). The Court declines to deem the matters admitted. Rule 36(a)(6) expressly permits the Court to order an amended answer when an existing answer fails to comply with the Rule. Fed. R. Civ. P. 36(a)(6). Requiring amended responses will provide CCBOE with answers that comply with Rule 36 without imposing the more severe consequence of deeming the matters admitted.

CCBOE also requests an award of reasonable attorney's fees incurred in bringing its motion. (ECF No. 56 at 8). Rule 36(a)(6) provides that Rule 37(a)(5) applies to an award of expenses. Fed. R. Civ. P. 36(a)(6). When a motion is granted in part and denied in part, the Court may, after giving the parties an opportunity to be heard, apportion the reasonable expenses associated with the motion. Fed. R. Civ. P. 37(a)(5)(C). The parties resolved the substantial majority of the issues presented in CCBOE's motion through continued conferral, (ECF No. 54), and the Court grants only part of the relief CCBOE seeks with respect to the remaining requests for admission. Under these circumstances, the Court declines to apportion expenses. Accordingly, CCBOE's request for attorney's fees and expenses is **DENIED**.

The Clerk is **DIRECTED** to transmit a copy of this Order to the parties.

**ENTERED:** August 18, 2026

Omar J. Aboulhosn
United States Magistrate Judge